### IN LINCOLN SUPERIOR COURT.

## HUMPHREY EVANS *vs.* JOHN LAMPKIN and IRA BURTON, Claimants.

### *Fi. fa. and Claim.*

IN this case testimony taken by interrogatories upon a former claim which had been dismissed, was tendered in evidence. It was admitted that the parties in the former claim and the property levied upon were the same as in the present case. The evidence was objected to by claimants' counsel, on the ground that evidence taken in one case could not be admitted in another, though the parties and the question should be the same. In support of the evidence, various American authorities were cited, particularly cases in Washington's Reports decided in the circuit courts of the United States. The reason uniformly given for the exclusion of such evidence, is, that a party should not be affected by evidence that he had no opportunity of cross-examining.

*By the Court.* This is the first time such a question has been presented in this circuit. It appears to be taken for granted that such testimony is inadmissible by the practice of this circuit. This is believed to be a mistake. If this is the first time that the question has been made, there can be no practice established. Indeed it may be assumed to be a question on which there is no very settled or definite practice any

Testimony taken by interrogatories upon a former claim (which had been dismissed) to the same property, between the same parties and upon the same question was held to be admissible. *See notes infra.*

The court held that no person but a creditor of the grantor had a right to interfere with the rights and interests of the trustee in this matter:

And that the increase of the negroes followed the condition of the mother.

LINCOLN.

EVANS
*v.*
LAMPKIN and
Another.

where. In England, evidence at common law is generally oral, so that in that country, it cannot be expected that there is any settled and well defined practice on this subject. In some of the States, testimony at law is taken as it is in this State. In those States, testimony similar to that now offered has been held admissible. The reason assigned in all the cases, where evidence taken in former suits or legal proceedings has been repelled, shows that the evidence now offered should be received. The reason is that the party against whom it is offered, has had no opportunity of cross-examining the witness. In the present case, the claimant has had the right to cross-examine the witness. He therefore cannot be injured by it. If he believed that the witness would testify differently from what he formerly testified, he was at full liberty to re-examine the witness a second time.

Upon the best reflection which the court has been able to bestow on the question, it feels bound to decide that the testimony is admissible.

In the further progress of the case, there came out in testimony a deed of gift executed by Susannah Hammond, in which she gave several negroes to John Lampkin as trustee, and directed him to sell two of the negroes conveyed to him in trust, and pay the purchase money to two of her neices, and two other negroes and her household furniture for the payment of her debts, and after the payment of her debts, her said trustee to have the remainder. The claimant is the administrator of Susannah Hammond, and his counsel contended that the deed of gift vested no right in Lampkin the trustee, and that claimant had a right to the property for the payment of debts.

This was opposed by counsel for plaintiff in *fi. fa.* because it was throwing the onus upon the trustee. How could he prove that there were no debts of Susannah Hammond unpaid?

It appeared also that a woman directed to be sold by the trustee for the payment of the grantor's debts, had two or three children subsequent to the execution of the deed of gift and trust, and counsel for claimant contended, that the children at least were chattels in the hands of administrator and claimant.

*The Court.* The first impression on the mind of the court was, that the trustee was bound to prove, that the debts of the grantor were paid, or that there were no outstanding debts of the grantor. To require him to do this is to require him to prove a negative, which cannot be done. Upon further reflection the court is of opinion that no person but a creditor of the grantor has a right to interfere with the rights and interests of the trustee in this matter.

Upon the question of the after born children, the court is of opinion that they ought to follow the condition of the mo-

ther. If the rule of equity which considers that done which ought to be done, be applied to this case, there can be no doubt. If the sale as directed by the deed of trust had taken place, the children born after the sale would have been the property of the purchaser. The court is of the opinion that the children are subject to the *fi. fa.*, if the mother is.

LINCOLN.

EVANS
*v.*
LAMPKIN
and Another.

*Note.* Upon the first point in the above case, to wit, the admissibility of interrogatories taken during the pendency of the first claim, which had been dismissed, the judges were equally divided in opinion.